**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**PATRICK M. BUELNA, Esq., SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:   (510) 839-5200
Facsimile:   (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: Adante.Pointer@johnburrislaw.com
Email: Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY CORNISH, an individual, | Case No.: 3:18-cv-5947 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | (42 U.S.C § 1983) |
| OAKLAND HOUSING AUTHORITY, a municipal corporation; PHILLIP CHOW as an individual and in his official capacity as a police officer for the OAKLAND HOUSING AUTHORITY; and DOES 1-50, inclusive. | JURY TRIAL DEMANDED |
| Defendants. | |

# INTRODUCTION

1. This action arises out of Oakland Housing Authority Officer Phillip Chow's use of excessive force on Plaintiff Audrey Cornish on September 27, 2016. Plaintiff Cornish had been ticketed by a yet-to-be-identified Oakland Housing Authority Officer and instructed to re-park her car.

2. Plaintiff Cornish was driving her car to re-park on the public street when Defendant OHA Officer Chow pulled over Cornish, order her out of the car and violently threw her to the ground then threatened to tase her without a legal basis. As a result of Officer Chowss out of control conduct and excessive force, Ms. CORNISH suffers cuts and bruising throughout her body dand emotional distress.

3. Following the incident and complaint from Plaintiff, OHA Chief of Police informed Plaintiff Cornish that Officer Chow had committed misconduct and violated departmental policy.

# JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in Oakland, Alameda County, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

# PARTIES

5. Plaintiff AUDREY CORNISH (hereinafter "Plaintiff" or "Cornish") is a competent adult, a resident of OAKLAND, CALIFORNIA, and is a United States Citizen.

6. Defendant PHILLIP CHOW (hereinafter "Defendant" or "Chow") was and at all times mentioned herein is a police officer for the OAKLAND HOUSING AUTHORITY, and is sued in his individual and official capacity.

7. Defendant OAKLAND HOUSING AUTHORITY (hereinafter "Defendant OHA") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that manages and operates the OAKLAND HOUSING

AUTHORITY POLICE DEPARTMENT.

8. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

9. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the OAKLAND HOUSING AUTHORITY.

10. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

11. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

12. Plaintiff filed a timely government claim, which was rejected by operation of law and followed the federal statute of limitations.

## STATEMENT OF FACTS

13. On September 27, 2017 at approximately 12:30 p.m., Claimant Audrey Cornish was at her apartment complex's parking lot located on 1129 Poplar Lane in Oakland, CA 94609, when she realized a yet-to-be identified Oakland Housing Authority Officer ticketed one of her vehicles. Ms. Cornish proceeded to move the vehicle to public parking along the street. As Ms. Cornish drove off, she encountered Oakland Housing Authority Officer Phillip J. Chow.

COMPLAINT FOR DAMAGES
- 3 -

14. Without cause, Officer Chow demanded Ms. Cornish to get out of her vehicle. Before Ms. Cornish could comply with Officer Chow's orders, Officer Chow violently pulled her out of her vehicle, causing a severe contusion to her knee. Officer Chow aggressively restrained her in spite of her wearing a dress and heels. Out of fear for her safety, Ms. Cornish tried to run back into the apartment complex. Officer Chow threatened to tase Ms. Cornish if she did not comply with his baseless orders

15. As a result Officer's Chow use of excessive force, medical personnel arrived whom examined and treated her for her knee contusion and bruising throughout her body. In addition, Oakland Housing Authority proceeded with towing the vehicle Ms. Cornish was driving

16. Following an investigation, the Oakland Housing Authority Chief of Police Carel Duplessis wrote a letter informing Ms. Cornish that Defendant Chow had violated department policy and committed misconduct against her.

## DAMAGES

17. As a proximate result of Defendant's unreasonable and excessive use of force, Plaintiff suffered physical injury, loss of wages, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

18. The conduct of the Defendant Chow was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against Defendant Chow.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)
*(Against DOES 1-25)*

19. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 18 of this Complaint.

20. When Defendant Chow violently threw Plaintiff to the ground and threatened her with a taser, Plaintiff Cornish had not presented any verbal and/or physical threat of any kind to the officers. In fact, Plaintiff was following orders of another OHA officer. Defendant Chow's actions were excessive and unreasonable, which violated both his training and Plaintiff's constitutional rights under the Fourth Amendment.

21. As a result of their misconduct, the Defendant Officer is liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Fourth Amendment – Unlawful Detention/Arrest under 42 U.S.C. Section 1983)**
*(Against Defendant Chow and DOES 1-25)*

22. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 20 of this Complaint.

24. When Defendant Chow violently threw Plaintiff to the ground and threatened her with a taser, Plaintiff had not committed any crimes nor had she been suspected of one. Instead she was complying with the orders of another OHA officers when Defendant Chow threatened her and injured her without legal basis.  failed to investigation to see whether or not there was any evidence that Plaintiff had committed a crime, committed a crime or possessed any contraband. The Defendant Officer's actions were an unlawful detention, arrest and seizure, which violated both his training and Plaintiff's constitutional rights under the Fourth Amendment.

26. As a result of their misconduct, the Defendant Officer is liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(Plaintiff against Defendant OAKLAND HOUSING AUTHORITY and DOES 26-50)*

27. Plaintiff hereby re-alleges and incorporates each and every paragraph in this

Complaint as fully set forth here.

28. Plaintiff is informed and believe and thereon allege that high ranking OAKLAND HOUSING AUTHORITY officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them. Defendant Chow violently threw an innocent woman in a dress and heels on the ground who was simply re-parking her car at another officer's direction. Officials should have known about acts of misconduct by Officer Chow since the officers wear body worn cameras.

29. Despite having such notice, Plaintiff is informed and believe and thereon alleges that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. Defendant Chow violently threw an innocent woman in a dress and heels on the ground who was simply re-parking her car in compliance with another officer's direction.

30. Plaintiff is further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

31. As against Defendant OAKLAND HOUSING AUTHORITY, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the OAKLAND HOUSING AUTHORITY, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of OAKLAND HOUSING AUTHORITY POLICE DEPARTMENT is tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. This is reinforced by the fact that the officers in the aforementioned excessive force incidents as well as the one underlying this complaint have not been disciplined and/or re-trained.

32. The unconstitutional actions and/or omissions of Defendants and Does 1-25, as

well as other officers employed by or acting on behalf of Defendant OAKLAND HOUSING AUTHORITY, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the OAKLAND HOUSING AUTHORITY Police Department stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for OAKLAND HOUSING AUTHORITY:

    a.    To cover-up violations of constitutional rights by any or all of the following:

        i.    by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force;

        ii.    by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

        iii.    by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    b.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

    c.    To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

    d.    To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (f) above, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein.

33.    Defendants OAKLAND HOUSING AUTHORITY and Does 26-50 failed to

properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Officers, and DOES 1-25, and other OAKLAND HOUSING AUTHORITY' Police personnel, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

34. The unconstitutional actions and/or omissions of Defendants and DOES 1-25, and other OAKLAND HOUSING AUTHORITY personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the OAKLAND HOUSING AUTHORITY Police Department. Plaintiff is informed and believe, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within OAKLAND HOUSING AUTHORITY, and that such policy makers have direct knowledge of the fact that the arrest of Plaintiff CORNISH was not justified, but rather represented an unconstitutional use of unreasonable force. Notwithstanding this knowledge, the authorized policy makers within OAKLAND HOUSING AUTHORITY have approved Defendant Officer's grossly excessive and bias arrest of Plaintiff CORNISH. By so doing, the authorized policy makers within the OAKLAND HOUSING AUTHORITY and the OAKLAND HOUSING AUTHORITY Police Department have shown affirmative agreement with the actions of Defendant Officers and Does 1-25, and have ratified the unconstitutional acts of Defendant Officers and Does 1-25.

35. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant OAKLAND HOUSING AUTHORITY and Does 26-50, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled

constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in Cause of Action 1-3, above.

36. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

37. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants OAKLAND HOUSING AUTHORITY and Does 26-50 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs and attorneys' fees as set forth above.

**FOURTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Plaintiff CORNISH against Defendant Chow and Does 1-50)*

38. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as if fully set forth here.

39. Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

40. By their conduct described herein, Defendants Officer Chow and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

   a. CORNISH's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

   b. CORNISH's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment

to the United States Constitution and by Article 1, § 13 of the California Constitution;

41. Excessive force which violates the Fourth Amendment, also violates the Bane Act.[1] Defendants' use of unlawful force against Plaintiff Cornish, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

42. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[2] All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

43. Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

   a. Threatening Plaintiff CORNISH in the absence of any threat presented by Mr. CORNISH or any justification whatsoever;

   b. Using deliberately reckless and provocative tactics to apprehend Ms. CORNISH in violation of generally accepted law enforcement training and standards, and in violation of CORNISH's rights;

   c. Defendant Officer punching Ms. CORNISH in the absence of any threat or need for such force;

   d. Threatening violence against Plaintiff CORNISH, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

   e. Using excessive, unreasonable and unjustified force against Plaintiff CORNISH by driving his head into the concrete while he attempted to comply with the officers;

   f. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

---

[1] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

[2] *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

     g.   Violating multiple rights of Plaintiff;

44.     Defendant OAKLAND HOUSING AUTHORITY is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

45.     As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendant Officers and Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

**FIFTH CAUSE OF ACTION**
**(Assault and Battery – Violation of CALIFORNIA PENAL CODE § 242)**
*(Plaintiff against Defendant Chow and DOES 1-25)*

46.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as if fully set forth here.

47.     A yet-to-be identified Defendant Officer, while working as a police officer for the OAKLAND HOUSING AUTHORITY, and acting within the course an scope of their duties, intentionally punched Plaintiff without a lawful basis.

48.     As a result of the actions of the Defendant, Plaintiff suffered physical injuries. The Defendant Officer did not have legal justification for using force against Plaintiff, and Defendant's use of force while carrying out their police officer duties was an unreasonable use of force.

49.     As a direct and proximate result of Defendants' assault and battery of Plaintiff CORNISH, Plaintiff sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth

**SIXTH CAUSE OF ACTION**

**(Negligence)**
*(Plaintiff against Defendant Chow and DOES 1-25)*

50. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as if fully set forth here.

51. At all times, Defendant Officer Chow and Does 1-50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

52. At all times, Defendant Officer Chow and Does 1-50 owed Plaintiff the duty to act with reasonable care.

53. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

  a. to refrain from using excessive and/or unreasonable force against Plaintiff CORNISH;

  b. to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

  c. to refrain from abusing their authority granted them by law;

  d. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

54. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff CORNISH.

55. Defendant OAKLAND HOUSING AUTHORITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

56. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

**SEVENTH CAUSE OF ACTION**

**(False Imprisonment/Illegal Detention)**
*(Against Defendants C. MacDonald, Amy Foster, Kevin Eierman and DOES 1-25)*

57. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56 of this Complaint.

58. Defendant restrained Plaintiff, without just cause and subsequently arrested them without cause, to justify their use of force.

59. The aforementioned acts of Defendant were willful, wanton, malicious, oppressive and undertaken with conscious disregard of the rights of Plaintiffs and entitle Plaintiffs to exemplary and punitive damages in an amount appropriate to punish or make an example of Defendants, for the public good.

60. Plaintiff has been required to retain counsel to redress the wrongful conduct by Defendant alleged herein and is consequently entitled to an award of reasonable attorney's fees.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

57. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be proven at trial;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive damages against Defendant Chow and DOES 1-50 in a sum according to proof;

4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

5. For cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Dated:  September 27, 2018                                         **Law Offices of John L. Burris**


                                                     **___/s/_ Patrick M. Buelna_____**
                                                     Patrick Buelna
                                                     Attorneys for Plaintiff